UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

MAR - 6 1992

Jesse E. Clark, Clerk
By Deputy: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROBERT W. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. M-91-266 |
| | § | |
| STAR ENTERPRISE, | § | |
| | § | |
| Defendant. | § | |

### STIPULATION OF THE PARTIES AND AGREED ORDER

Come now Plaintiff Robert W. Jones ("Jones") and Defendant Star Enterprise ("Star") and submit the following Stipulation of the Parties and Agreed Order (the "Stipulation") to the Court for purposes of conducting the above-captioned action.

1.     Jones and Star agree to advance the trial on the merits of the above-referenced cause of action and to consolidate the hearing on Jones' application for a preliminary injunction with the trial on the merits. Jones and Star agree to a consolidated hearing on Jones' application for a preliminary injunction and the trial on the merits on *a date* _____, 1992 *to be set by the Court.*

2.     Pending the trial on the merits, or 3/30, 1992, whichever comes first, Star (solely as a accommodation to the Court in an effort to conserve the already overburdened calendar of this Court) agrees that the Temporary Restraining Order and Notice of Hearing ("TRO") entered on December 13, 1991 by the 139th Judicial District Court of Hidalgo

- 1 -

CMPDF - www.fastio.com

County, Texas prior to the removal of this action to the present court shall be extended and remain in effect and Jones agrees that the bond posted by Jones in connection with such TRO shall also be extended by him and remain in full force and effect.

3.  Jones and Star stipulate and agree that Star's willingness to continue to abide by the terms of the TRO shall not constitute a waiver of any right of Star to terminate any agreement or contract between the parties, including without limitation, the marketer agreement between Star and Robert Jones effective July 1, 1990 (the "Marketer Agreement") and shall have no effect on the written notice of termination given to Robert Jones in a September 1991 letter. Jones and Star further stipulate and agree that pending a consolidated trial on the merits of the above-referenced matter, Star shall only be obligated to continue to supply Jones for the same retail, commercial or other accounts of Jones existing at the time of entry of the TRO on December 13, 1991, and only at the monthly maximum volumes specified in the Marketer Agreement, and subject to all other terms and conditions of that agreement. Jones specifically agrees that during the period from December 13, 1991 until the trial on the merits of the above action, Star shall not be liable to Jones for any new accounts or customers that he might have obtained or any increase in his volumes that he might have achieved but for this Stipulation.

4.  This Stipulation is entered into as a settlement and compromise only of Jones' right to seek an extension of the temporary restraining order in the above cause. Jones stipulates and agrees that he shall not rely upon the undertakings of Star in this Stipulation as the basis of any claim that this Stipulation creates or evidences a contract or a franchise or a franchise relationship among the parties or that it creates or extends any of the rights that

- 2 -

Jones may have under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 et seq., and then for only the limited period of this Stipulation. Jones further agrees that this Stipulation and any actions taken pursuant hereto shall not create a franchise relationship between Jones and Star as that concept is used in the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 et seq. Moreover, should this Court or any other court construe any of Star's actions taken in connection with their performance under the terms of this Stipulation (and/or the mere fact of Star having entered into this Stipulation) as creating a franchise or franchise relationship between Star and Jones, then, in such event, this Stipulation shall also operate as a mutual agreement of termination which termination shall become effective ___3/30___, 1992.

5.     The parties hereto agree that they shall submit to and shall seek entry by the Court of this Stipulation and specifically approving the provision in paragraph 4 that these terms shall not create a franchise relationship. Such entry by the Court of this Stipulation shall be a condition precedent to the other terms of this Stipulation, and this Stipulation shall only become effective upon such entry. Further, this Stipulation and any business relationship between the parties hereto (which arises as a result of this Stipulation) shall not be used by Jones as evidence in this or any other proceeding between the parties.

6.     During the term of this Stipulation, Jones warrants and represents to Star (a) that he will not commingle any non-Texaco brand motor fuel with any Texaco brand motor fuel; (b) that he will not sell or permit the sale of any non-Texaco brand motor fuel as Texaco brand motor fuel; (c) that he will not sell or permit the sale of Texaco-brand motor fuel unless such motor fuel is sold from a dispensing pump clearly identified by Texaco trademark and tradenames at a retail outlet clearly identified as a Texaco-branded retail

- 3 -

CX»PDF - www.fenix.com

outlet; (d) that he will promptly pay for all produce sold to him by Star in accordance with the terms of the Marketer Agreement; and (e) that he will abide by and comply with all of the terms of any agreement or contract between the parties, including without limitation the Marketer Agreement.

7.      Jones further agrees that as this Stipulation is entered into in settlement of and in lieu of his temporary restraining order relief, Jones shall not seek any further relief by way of a temporary restraining order.

8.      Defendant Star shall have up to and including February 26, 1992 to answer, move or otherwise respond to Plaintiff's Original Petition.

The Court, having reviewed this Stipulation of the Parties and Agreed Order, is of the opinion that this Stipulation of the Parties and Agreed Order should be approved and entered as an Order of this Court and that it shall govern all further proceedings in the above-styled and numbered action.

Signed on this _3rd_ day of ___March, 1992 at McAllen Texas.___

_____
United States District Judge

- 4 -

CVisPDF - www.fesho.com

APPROVED AS TO FORM AND SUBSTANCE:

MCKOOL SMITH, P.C.

By: _____
       Mike McKool, Jr.
       State Bar Number 13732100

       Scott R. Jacobs
       State Bar Number 10521550

       Rodney L. LaGrone
       State Bar Number 11793600

300 Crescent Court
Suite 300
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopy:  (214) 978-4044

       Randall B. Robinson
       State Bar Number 17105650

Star Enterprise
12700 Northborough Drive
Houston, Texas 77067
(713) 874-3814

ATTORNEY FOR DEFENDANT
STAR ENTERPRISE

- 5 -

FERRERO, YUDESIS & WEPFER

By _____
        William B. Wepfer
        State Bar Number 21179600

518 East Harrison
Harlingen, Texas 78550
Telephone:  (512) 423-2334
Telecopy:  (512) 423-8500

ATTORNEYS FOR PLAINTIFF ROBERT W. JONES